J-S33016-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VANDER K. CLAYBORNE, | : | |
| | : | |
| Appellant | : | No. 3380 EDA 2014 |

Appeal from the PCRA Order October 9, 2014,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0009696-1990

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and LAZARUS, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED JUNE 8, 2015**

Appellant, Vander K. Clayborne ("Clayborne"), appeals from the order dated October 9, 2014, dismissing as untimely his petition for habeas corpus relief.  For the reasons that follow, we affirm.

On October 3, 1991, Clayborne plead guilty to murder generally and aggravated assault.  The trial court conducted a degree of guilt hearing on the murder charge and found Clayborne guilty of murder in the first degree.  After a jury could not reach a unanimous verdict in the death penalty phase, the trial court sentenced Clayborne to a term of imprisonment of life plus 78-240 months.  On August 9, 1993, this Court affirmed the judgment of sentence, and on December 15, 1994, our Supreme Court denied a petition for allowance of appeal.  In April 1994, Clayborne filed a petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-

46, which the PCRA court subsequently dismissed. On July 28, 2011, Clayborne filed a "Petition for Writ of Habeas Corpus and Declaratory Judgment." The trial court treated this petition as a second PCRA petition and dismissed it on September 29, 2011. On December 12, 2012, this Court affirmed the dismissal.

On July 25, 2014, Clayborne initiated the present action by filing a pro se "Petition for Writ of Habeas Corpus, with Motion to Vacate Waivers and Judgment of Conviction/Sentence." The trial court treated this petition as a PCRA petition (his third), and on October 9, 2014 dismissed it without an evidentiary hearing as untimely. On appeal, Clayborne contends that his petition should not have been treated as a PCRA petition and that, in any event, it is not untimely under the PCRA.

For his first issue on appeal, Clayborne contends that he filed a petition for writ of habeas corpus and that it should not have been treated as filed pursuant to the PCRA. We cannot agree. This Court has "repeatedly held that ... any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (quoting ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002)). Clayborne's claim here is one for illegality of sentence, and the PCRA plainly provides for relief for "persons serving illegal sentences." 42 Pa. C.S.A. § 9542; ***see Commonwealth v. Peterkin***, 722 A.2d 638, 640–41 (Pa. 1998) (statutory remedy not available

where claim is cognizable under PCRA); *Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997) (legality of sentence is a cognizable issue under the PCRA). The PCRA provides that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose...." 42 Pa. C.S.A. § 9542. Therefore, the trial court did not err in treating Clayborne's habeas corpus petition as a petition for relief under the PCRA.

For his second issue on appeal, Clayborne argues that his PCRA petition was not untimely because it involves a new constitutional right recognized in *Alleyne v. United States*, 133 S.Ct. 2151 (2013).[1] "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa. Super. 2013) (quoting *Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012).

A PCRA petition, including a second or subsequent petition, must be filed within one year of a final judgment, unless the petitioner alleges and

---

[1] Clayborne also contends that the PCRA time limits are inapplicable where, as here, a petitioner alleges a "structural error," defined by the United States Supreme Court as a constitutional violation affecting the "framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminate*, 499 U.S. 279, 310 (1991). Our Supreme Court, however, rejected this argument in *Commonwealth v. Baroni*, 827 A.2d 419, 421 (Pa. 2003) ("We hold that an allegation of a structural error does not, in and of itself, surmount the jurisdictional time bar of Section 9545(b)."). *Id.* at 421.

proves that he is entitled to one of three exceptions to this general rule, and that the petition was filed within 60 days of the date the claim could have been presented:

> (b) Time for filing petition.—
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
> >
> > (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa. C.S.A. § 9545(b); **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013), *cert. denied sub nom.*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013).

Here Clayborne contends that subsection 9545(b)(1)(iii) applies, since he is contending that his sentence was illegal because of the unconstitutional use of mandatory minimum sentence enhancements when he was sentenced.[2] Clayborne argues that in **Alleyne** the United States Supreme Court ruled that the sorts of mandatory sentence enhancements used in his case are "invalid and void ab initio." Clayborne's Brief at 6. Clayborne further contends that the constitutional rights recognized in **Alleyne** have been held to apply retroactively, and thus pursuant to the exception to the PCRA's time bar recognized in subsection 9545(b)(1)(iii), his current petition is not untimely. **Id.**

In **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), this Court recently made clear that claims based upon **Alleyne** do not qualify for the exception under subsection 9545(b)(1)(iii) because neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that

---

[2] Although illegality of sentence claims are technically not waivable, this Court may not consider them without a jurisdictional basis to do so. As we indicated in **Commonwealth v. Seskey**, 86 A.3d 237 (Pa. Super. 2014), "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." **Id.** at 242.

*Alleyne* applies retroactively in cases where the judgment of sentence was final at the time *Alleyne* was decided.

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), citing *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also, e.g.*, *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

*Id.* at 995.

In the present case, Clayborne's judgment of sentence became final on March 15, 1995 (ninety days after our Supreme Court denied his petition for allowance of appeal), well before *Alleyne* was decided in 2013. Thus Clayborne has failed to satisfy the new constitutional right exception to the PCRA's time-bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2015