J-S26011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE M. ESPADA | |
| Appellant | No. 3241 EDA 2014 |

Appeal from the PCRA Order November 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006572-2010
CP-51-CR-0006574-2010

BEFORE: OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                              **FILED MAY 06, 2016**

Appellant, Jose M. Espada, appeals from the order entered on November 3, 2014 dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and granting original PCRA counsel's petition to withdraw. We affirm.

The trial court accurately summarized the factual background of this case as follows:

> On March 6, 2010, at approximately 3:15 a.m., Appellant was involved in a dispute with [] Jonathan Santiago inside a nightclub. . . . Security broke up the dispute, and Mr. Santiago went outside, at which time he saw Appellant exit the club brandishing a silver handgun. As Mr. Santiago fled on foot, Appellant fired five gunshots at him, striking him once in the thigh.
>
> Appellant then approached [] Angelo Quiles, who had witnessed the shooting, and at [gunpoint], demanded Mr. Quiles []

* Retired Senior Judge assigned to the Superior Court.

surrender his money. Mr. Quiles handed over his wallet containing $500[.00] along with two cell phones.

In addition to both complainants, numerous eyewitnesses identified Appellant as the shooter. As a result of the investigation, detectives were led to an address [in] Camden, New Jersey to pursue Appellant. There, police found Appellant inside as well as a handgun in a room that was identified as Appellant's bedroom. Ballistic testing [] performed on the weapon, [] confirmed that it matched the spent cartridge casings recovered at the scene.

Trial Court Opinion, 6/3/15, at 2-3.

The procedural history of this case is as follows. On May 26, 2010, Appellant was charged via two criminal informations with attempted murder,[1] two counts of aggravated assault,[2] carrying a firearm without a license,[3] carrying a firearm on the streets of Philadelphia,[4] possessing an instrument of crime,[5] two counts of making terroristic threats,[6] two counts of simple assault,[7] two counts of recklessly endangering another person,[8]

_____

[1] 18 Pa.C.S.A. §§ 901, 2502.

[2] 18 Pa.C.S.A. § 2702(a).

[3] 18 Pa.C.S.A. § 6106(a)(1).

[4] 18 Pa.C.S.A. § 6108.

[5] 18 Pa.C.S.A. § 907(a).

[6] 18 Pa.C.S.A. § 2706(a)(1).

[7] 18 Pa.C.S.A. § 2701(a).

[8] 18 Pa.C.S.A. § 2705.

robbery,[9] theft by unlawful taking,[10] and receiving stolen property.[11] On April 4, 2011, Appellant pled guilty to attempted murder and robbery. The remaining charges were *nolle prossed*. On April 8, 2011, Appellant was sentenced *in absentia* to an aggregate term of 7 to 14 years' imprisonment. He did not file a direct appeal.

On July 12, 2013, Appellant filed a *pro se* PCRA petition. Original PCRA counsel was appointed. On June 17, 2014, original PCRA counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 22, 2014, the PCRA court issued notice of its intent to dismiss the PCRA petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907. Appellant filed a response to the Rule 907 notice. On November 3, 2014, the PCRA court granted original PCRA counsel leave to withdraw and dismissed Appellant's PCRA petition. This timely appeal followed. After the notice of appeal was filed, the PCRA court appointed new PCRA counsel to litigate this appeal.[12]

---

[9] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[10] 18 Pa.C.S.A. § 3921(a).

[11] 18 Pa.C.S.A. § 3925(a).

[12] On February 5, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See**
*(Footnote Continued Next Page)*

Appellant presents one issue for our review:

Did the [PCRA c]ourt err when it dismissed [Appellant's *p]ro [s]e* PCRA [p]etition pursuant to [original PCRA] counsel's [***Turner/]Finley*** [l]etter . . . where [Appellant] pled and would have been able to prove that he was entitled to PCRA relief in the form of a new trial?

Appellant's Brief at 3.

In his lone issue on appeal, Appellant contends that the PCRA court erred in granting original PCRA counsel's petition to withdraw and dismissing his petition. Appellant argues that original PCRA counsel's **Turner/Finley** letter was defective in that it failed to address all of the claims that Appellant wished to raise. Whether original PCRA counsel and the PCRA court complied with **Turner/Finley** is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1183-1184 (Pa. Super. 2012).

> Counsel seeking to withdraw in PCRA proceedings
>
> must review the case zealously. [C]ounsel must then submit a "no-merit" letter to the [PCRA] court . . . detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw;

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Pa.R.A.P. 1925(b). On March 13, 2015, Appellant filed his concise statement. On June 3, 2015, the PCRA court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner/Finley**, the court . . . must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (internal alteration, ellipses, and citation omitted).

In this case, original PCRA counsel and the PCRA court fully complied with the mandates of **Turner/Finley**. PCRA counsel addressed why Appellant was not entitled to relief despite the claims he raised in his *pro se* petition. Specifically, original PCRA counsel explained in his **Turner/Finley** letter that Appellant's PCRA petition was untimely and that he was unable to plead and prove the applicability of a PCRA timeliness exception. As the timeliness of a PCRA petition implicates the PCRA court's jurisdiction to consider the merits of a petition, a petition that is untimely *ipso facto* explains why no relief is available no matter what claims are asserted in the petition. The PCRA court, after independently reviewing the record, agreed that it lacked jurisdiction over Appellant's PCRA petition and therefore granted original PCRA counsel's petition to withdraw as counsel and dismissed Appellant's petition.

We next turn to whether the PCRA court lacked jurisdiction over Appellant's petition. The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature, and the court may not ignore it in

- 5 -

order to reach the merits of the petition." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1).[13] "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). As Appellant did not file a direct appeal, his judgment of sentence became final on May 9, 2011. Appellant's petition was filed on July 12, 2013. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[13] The fact that Appellant was sentenced *in absentia* does not impact the timeliness requirement of the PCRA. ***Cf. Commonwealth v. Pollard***, 911 A.2d 1005, 1007 (Pa. Super. 2006) (employing conventional PCRA timeliness analysis despite fact the defendant was sentenced *in absentia*).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

On appeal, Appellant argues that the PCRA court possessed jurisdiction for two reasons. First, he argues that there was structural error because trial counsel effectively abandoned him by permitting him to be sentenced *in absentia* and failing to file a direct appeal. Second, he argues that the deadline for filing a timely PCRA petition should have been equitably tolled.

As to the first argument, it is well-settled that claims of structural error do not overcome the PCRA's timeliness requirement. **Commonwealth v. Baroni**, 827 A.2d 419, 422 (Pa. 2003). As to Appellant's second argument, it is equally well-settled that the PCRA's timeliness requirement is not subject to the doctrine of equitable tolling. **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999). Accordingly, the PCRA court properly concluded

that it lacked jurisdiction to consider the merits of Appellant's PCRA petition.[14]

In sum, Appellant's PCRA petition was patently untimely and he did not plead and prove the applicability of any of the three statutory timeliness exceptions. Original PCRA counsel fulfilled the procedural requirements of **Turner/Finley** by outlining in his no-merit letter the fact that the PCRA court lacked jurisdiction over all of the claims raised in Appellant's PCRA petition. Accordingly, the PCRA court properly granted original PCRA counsel's petition to withdraw and dismissed Appellant's PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016

---

[14] We decline to address the remaining issues raised in Appellant's brief as they all implicate the merits of his claims and not whether the PCRA court possessed jurisdiction to reach those claims.