J-S37037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
JAMES E. ARCHER :
:
Appellant : No. 2766 EDA 2017

Appeal from the PCRA Order July 26, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1215771-1976

BEFORE: OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 02, 2018**

Appellant James E. Archer appeals from the Order entered in the Court of Common Pleas of Philadelphia County on July 26, 2017, dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Because this petition is untimely without an applicable exception, we affirm.

On May 17, 1977, Appellant was convicted of Second-Degree Murder, Robbery and Criminal Conspiracy following a jury trial.[2] Appellant was over eighteen years old when he committed the crimes on December 4, 1976, as the record reveals his date of birth was May 26, 1958. On August 28, 1978, Appellant was sentenced to a term of life imprisonment with concurrent terms

---

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. §§ 2502, 3701, and 903, respectively.

---

\* Former Justice specially assigned to the Superior Court.

of five (5) years to ten (10) years in prison for the robbery and conspiracy convictions. He did not file a direct appeal.

On October 8, 1992, Appellant filed his first petition for relief under the former Post Conviction Hearing Act (PCHA),[3] and that petition was dismissed without a hearing by the PCHA court on July 25, 1984. On appeal, a panel of this Court reversed and remanded for an evidentiary hearing. *Commonwealth v. Archer*, 501 A.2d 289 (Pa.Super. 1985) (unpublised memorandum). Upon remand, new counsel filed a "*Turner*/*Finley*"[4] letter, and Appellant's petition ultimately was dismissed on June 12, 1986. Two additional PCRA petitions followed, both of which were denied. *Commonwealth v. Archer*, 668 A.2d 1185 (Pa.Super. 1995)(unpublished memorandum), *appeal denied*, 544 Pa. 652, 676 A.2d 1194 (1996); *Commonwealth v. Archer*, 1952 EDA 2000 (Pa.Super. 2001)(unpublished memorandum).

On May 23, 2012, Appellant filed the instant PCRA petition, his fourth, *pro se*.[5] Appellant filed Amended Petitions for Relief on August 23, 2012, and

_____

[3] Effective April 13, 1988, the Pennsylvania Legislature repealed in part and substantially modified in part the PCHA and renamed it the Post Conviction Relief Act. Act of April 13, 1988, No. 47 § 3, 1988 Pa.Legis.Serv. 227, 42 Pa.C.S. §§ 9541-9546.

[4] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988).

[5] Because Appellant's judgment of sentence became final prior to the 1995 amendments to the PCRA, which added certain time restrictions, Appellant was permitted to file a first PCRA petition by January 16, 1997. **See** *Commonwealth v. Peterkin*, 554 Pa. 547, 554-55, 722 A.2d 638, 641

on August 27, 2014. The PCRA court provided the requisite notice of its intent to dismiss the instant PCRA petition pursuant to Pa.R.Crim.P. 907 on April 18, 2017, and Appellant filed responses thereto on May 9, 2017, and on May 31, 2017. On July 26, 2017, the PCRA court entered an order dismissing the petition as untimely. Appellant filed a timely notice of appeal on August 17, 2017.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error. **Commonwealth v. Robinson**, 635 Pa. 592, 605, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa.Super. 2014), *appeal denied*, 626 Pa. 683, 95 A.3d 277 (2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa.Super. 2014).

---

(1998) (holding where conviction became final on or before effective date of Act, to be timely PCRA petition must be filed within one year of effective date and must be first petition to be eligible for one-year grace period).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In this case, Appellant was sentenced on August 28, 1978, and did not file a direct appeal. As a result, his judgment of sentence became final on September 27, 1978, upon expiration of the thirty-day period he had to file his notice of appeal with this Court. **See** Pa.R.A.P. 903(c)(3). The 1995 amendments to the PCRA provided for a "transitional, statutory grace period" of one year, applicable to first petitions, in cases where the judgment of sentence became final before the January 16, 1996, effective date of the 1995 amendments. **Commonwealth v. Baroni**, 573 Pa. 589, 827 A.2d 419, 420 n. 1 (2003). Thus, Appellant's first PCRA petition would have been deemed to be timely if it had been filed no later than January 16, 1997. **See Commonwealth v. Fenati**, 561 Pa. 106, 109, 748 A.2d 205, 206-07 (2000). Appellant did not file the present PCRA petition until May 29, 2012; therefore, it is patently untimely and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

Despite the untimeliness of Appellant's present petition, he has failed to allege, much less prove, that any of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) apply herein. Instead, he simply presents bald allegations of the trial court's lack of subject matter jurisdiction, prosecutorial misconduct,

and the ineffective assistance of all counsel in his PCRA petition filed on May 23, 2012.

To the extent in his amended petition filed on August 27, 2014, he attempts to challenge the legality of his sentence based upon the United States Supreme Court's ruling in **Miller v. Alabama**, ___ U.S. ____, 132 S.Ct. 2455, 183 L.Ed. 2d 407 (2012) wherein the Court held that mandatory sentences of life imprisonment without parole are unconstitutional for juvenile offenders and in **Commonwealth v. Moody**, 476 Pa. 223, 382 A.2d 442 (1977) holding the then-effective Section 1311 of the Sentencing Code, 18 Pa. C.S.A. § 1311 (Supp. 1977-78), which established sentencing procedures and standards regulating jury determinations of whether or not the death penalty should be imposed as punishment for murder to be unconstitutional, we find he is not entitled to relief.

In **Montgomery v. Louisiana**, ___ U.S. ____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the United States Supreme Court declared its prior holding in **Miller**, **supra**, constitutes a substantive rule of constitutional law to which state collateral review courts were required as a constitutional matter to give retroactive effect. **Montgomery**, ___ U.S. at ____, 136 S.Ct. at 736, 193 L.Ed.2d at ___. The United States Supreme Court decided **Montgomery** on January 25, 2016, while Appellant's current PCRA petition was pending on appeal. In **Commonwealth v. Secreti**, 134 A.3d 77, 82 (Pa.Super. 2016), this Court held that the date upon which **Montgomery** had been decided is

to be used when calculating whether a petition is timely filed under the sixty-day rule of 42 Pa.C.S.A. § 9545(b)(2). However, we conclude that, because Appellant was over eighteen years old when he committed the murder, **Miller** does not apply to his case, for as we stated in **Commonwealth v. Woods**, 179 A.3d 37, 44 (Pa.Super. 2017):

> In **Miller**, the Supreme Court had held that "mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller v. Alabama**, ____ U.S. at ____, 132 S.Ct. at 2460, 183 L.Ed.2d at ____. However, while the Supreme Court's holding in **Miller** set forth a bright-line rule that mandatory sentences of life imprisonment without the possibility of parole are unconstitutional for juvenile offenders, it did not prevent a trial court from imposing a life sentence upon an individual such as Appellant who was over the age of eighteen at the time he committed the offense. Therefore, the right recognized by **Miller** and held to be retroactive in **Montgomery** does not provide Appellant a basis for relief from the PCRA time-bar. **See Miller**, ____ U.S. at ____, 132 S. Ct. at 2469, ____ L.Ed.2d at ____ (holding "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.") **See also Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.Super. 2013) (holding **Miller** is not an exception under Section 9545(b)(1)(iii) to those over the age of eighteen at the time crimes were committed); **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa.Super. 2016) (holding the **Miller** decision applies only to defendants "under the age of 18 at the time of their crimes" and not to a nineteen year old defendant convicted of homicide who claimed he was a "technical juvenile" and relied on neuroscientific theories pertaining to immature brain development to support his claim).

In light of the foregoing, Appellant's instant PCRA petition is untimely, and he has failed to plead and prove an exception to the statutory time-bar. The PCRA court correctly determined it lacked jurisdiction to review the merits of Appellant's petition and properly dismissed it, and we discern no other basis

on which to disturb the PCRA court's dismissal of Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/2/18