827 A.2d 419

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Michael BARONI, Appellant.**

Supreme Court of Pennsylvania.

Submitted Feb. 5, 2003.

Decided June 26, 2003.

James McHugh, Media, for Michael Baroni, appellant.

A. Sheldon Kovach, Media, for the Com. of PA, appellee.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## OPINION

JUSTICE SAYLOR.

Appellant seeks to surmount the statutory time limitation pertaining to the filing of petitions for post-conviction relief from judgments of sentence, via a claim of structural error.

In October of 1982, Appellant was convicted by a jury of two counts of second degree murder, arson, and related offenses; in 1983 he was sentenced, *inter alia,* to life imprisonment. Following direct appeal proceedings, Appellant unsuccessfully

sought collateral relief in the state and federal courts. In December of 1999, Appellant filed the present petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546 (the "PCRA"), followed by an amended petition. The PCRA court dismissed the petition based on untimeliness under Section 9545(b) of the Judicial Code, 42 Pa.C.S. § 9545(b) (prescribing, subject to delineated exceptions, that "[a]ny petition under this subchapter ... shall be filed within one year of the date the judgment becomes final"), and this disposition was affirmed by the Superior Court.

■ This Court allowed appeal on a limited basis to address Appellant's contention that an allegation of a structural error (defined by the United States Supreme Court as a constitutional violation affecting the "framework within which the trial proceeds, rather than simply an error in the trial process itself," *Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991)), is sufficient, exclusive of any recourse to the statutory exceptions to the PCRA's one-year time bar,[1] to implicate substantive, merits review by a post-conviction court of an otherwise untimely petition.[2] In support of this contention, Appellant cites *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), in which, in the course of explaining why structural error is not subject to harmless error analysis, the United States Supreme Court explained that a misdescription of the Commonwealth's beyond-a-reasonable-doubt burden of proof at a criminal trial "vitiates *all* the jury's findings." *Id.* at 281, 113 S.Ct. at 2082 (emphasis in original). Thus, following the logic of Appellant's

1. In addition to a transitional, statutory grace period applicable to first petitions, *see generally Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa.Super.2002), the PCRA permits review of otherwise untimely claims in instances of illegal or unconstitutional government interference, after-discovered evidence, and post-sentence judicial recognition of constitutional rights that are to be applied retroactively, where a petition is filed within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(1), (2).

2. In his brief, Appellant argues that his claim falls within the statutory, after-discovered evidence exception to the time bar, *see* 42 Pa.C.S. § 9545(b)(1)(ii). This claim, however, was excluded from the limited allowance of appeal.

arguments, post-conviction courts should review untimely post-conviction petitions asserting structural error to determine whether the conviction and sentence are *"void ab initio and nonexistent."* Appellant's Brief, at 14.[3]

The Commonwealth responds to this argument by way of citation to the line of decisions of this Court establishing that the PCRA's timing restrictions: are constitutionally valid, *see Commonwealth v. Peterkin,* 554 Pa. 547, 556–58, 722 A.2d 638, 642–43 (1998); are jurisdictional in character, *see Commonwealth v. Fahy,* 558 Pa. 313, 328–29, 737 A.2d 214, 222 (1999); and apply to all petitions regardless of the nature of the individual claims raised therein, *see Commonwealth v. Murray,* 562 Pa. 1, 5–6, 753 A.2d 201, 203 (2000).[4] The Commonwealth also notes that, in *Commonwealth v. Lark,* 560 Pa. 487, 746 A.2d 585 (2000), this Court summarily dismissed as untimely a claim that the trial court's instructions on the burden

---

**3.** Appellant does not dispute that *Sullivan* does not apply on its face, since the trial court did, in fact, issue a reasonable doubt charge to the jury in describing the Commonwealth's ultimate burden of proof on each element of the offenses charged. Rather, Appellant bases his argument on the doctrine that a criminal conviction cannot be based on extra-judicial, incriminatory statements of the accused in absence of independent evidence demonstrating that a criminal wrong resulting in injury or loss (the *corpus delicti*) has in fact occurred. *See, e.g., Commonwealth v. Ahlborn,* 441 Pa.Super. 296, 301–04, 657 A.2d 518, 521–22 (1995). Since in Pennsylvania the evidentiary standard applicable to establishing the *corpus delicti* is beyond a reasonable doubt, *see id., called into question by Commonwealth v. Persichini,* 558 Pa. 449, 737 A.2d 1208 (1999) (equally divided court), and the trial judge allegedly erred in this regard by instructing the jurors merely that they must be "satisfied" that a criminal wrong "probably" occurred, Appellant contends that the *Sullivan* form of structural error is established as of record.

**4.** The Commonwealth also disputes Appellant's claim that a failure to satisfy the presently prevailing *corpus delicti* rule entails a structural error in the first instance. It contends (and the Superior Court found) that the claim lacks a constitutional dimension, pertaining, as it does, to evidentiary admissibility, and not to the fundamental right to be tried by a jury. In this regard, the Commonwealth notes that most jurisdictions do not apply a reasonable doubt standard in applying the *corpus delicti* rule, but rather, would instruct the jury in a manner similar to the charge tendered by the trial court here. *See, e.g., Salazar v. State,* 86 S.W.3d 640, 644 (Tex.Crim.App.2002) (describing the majority view of the *corpus delicti* rule as requiring "some corroboration" of the incriminatory statement).

of proof were constitutionally infirm. *See id.* at 496–97, 746 A.2d at 589–90.

The Commonwealth's position is correct. While this Court has harmonized the PCRA and traditional *habeas corpus* review where necessary to implement constitutional guarantees while affording the greatest effect possible to the legislative intent that the PCRA constitutes the sole means for obtaining collateral relief from a conviction or sentence, *see generally Commonwealth v. Williams,* 566 Pa. 553, 563–64, 782 A.2d 517, 523–24 (2001), we have also acknowledged the reasonableness of the General Assembly's decision to constrain the availability of judicial review according to time limitations that are sufficiently protective of the interests of those subject to criminal punishment. *See Peterkin,* 554 Pa. at 556–58, 722 A.2d at 642–43. The precept that structural errors can never be deemed harmless does not serve to create state court jurisdiction that is otherwise absent. *Accord Commonwealth v. Breakiron,* 566 Pa. 323, 334, 781 A.2d 94, 100–01 (2001) (explaining that the "bedrock nature of the [alleged] constitutional error," in and of itself, "has no bearing on the applicability of the PCRA's timeliness requirements").[5]

We hold that an allegation of a structural error does not, in and of itself, surmount the jurisdictional time bar of Section 9545(b).

The order of the Superior Court is affirmed.

Justice NIGRO concurs in the result.

---

**5.** Parenthetically, we also agree with the Commonwealth and the Superior Court that the error alleged here is not structural in nature, for the reasons stated supra, at note 4.