J-S54044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERMAN BRIAN JACKSON | : | |
| | : | |
| Appellant | : | No. 666 WDA 2018 |

Appeal from the PCRA Order November 28, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000365-2016,
CP-02-CR-0000380-2016

BEFORE: PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED OCTOBER 18, 2018**

Herman Brian Jackson (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful consideration, we quash.

The PCRA court summarized the relevant factual history of this case as follows:

> On May 16, 2016, [Appellant] appeared before [the trial court] to plead guilty pursuant to a negotiated plea agreement. [Appellant] was originally charged in two separate cases and the negotiated plea agreement resolved both cases. In the case filed at CC No. 2016000365, [Appellant] was charged with four counts of access device fraud, one count of theft, one count of receiving stolen property, four counts of unlawful use of a computer and four counts of identity theft. In the case filed at CC No. 201600[0]380, [Appellant] was charged with access device fraud, one count of theft, one count of receiving stolen property, one count of unlawful use of a computer, and identity theft. Under the terms of the plea agreement, [Appellant] agreed to plead guilty in the case filed at CC No. 2016000365 to three counts of access

device fraud, one count of theft and one count of identity theft. The remaining thirteen counts were withdrawn. [Appellant] agreed to plead guilty in the case filed at CC No. 2016000380 to one count of access device fraud, one count of theft and one count of identity theft. The remaining two counts were withdrawn. There was no agreement as to the sentences to be imposed at each case. [Appellant], upon being asked by the [c]ourt directly, advised that he knew what a presentence investigation report was and did not want to request the preparation of such a report prior to sentencing.

PCRA Court Opinion, 7/11/18, at 1-2.

On May 16, 2016, the trial court sentenced Appellant to two consecutive terms of 15 to 30 months in prison. On May 26, 2016, Appellant filed a post-sentence motion seeking to modify his sentence; the trial court denied the motion on June 8, 2016. Appellant did not file a direct appeal.

On May 25, 2017, Appellant filed a timely *pro se* PCRA petition. P. Donovan Morris, Esquire was appointed as counsel and filed an amended petition on Appellant's behalf on August 8, 2017. In his amended petition, Appellant alleged that his guilty plea was unknowing and involuntary, and that trial counsel was ineffective for failing to file a timely motion to withdraw his guilty plea. On September 29, 2017, the Commonwealth filed an answer to Appellant's amended PCRA petition, seeking to have the petition dismissed. The PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure on October 4, 2017. Appellant filed a response to the PCRA court's Rule 907 notice on October 23, 2017, asserting that the question of whether his plea was knowing and voluntary involves an issue of material fact that

requires a hearing. Accordingly, the PCRA court held a hearing on Appellant's PCRA petition on November 28, 2017, and thereafter denied Appellant's petition.

On December 11, 2017, Attorney Morris filed a motion to withdraw as counsel. In his motion, Attorney Morris acknowledged that Appellant wished to appeal the PCRA court's decision denying his PCRA petition. However, Attorney Morris indicated that he "cannot, and will not do so" as he believed Appellant's appeal was frivolous. The PCRA court issued an order granting Attorney Morris' request for the appointment of new counsel and appointed Scott Coffey, Esquire as Appellant's new counsel on December 20, 2017. No direct appeal was filed.

On April 16, 2018, Appellant filed the instant PCRA petition seeking to have his collateral appeal rights reinstated *nunc pro tunc*. The Commonwealth did not oppose the reinstatement of Appellant's collateral appeal rights, and on May 2, 2018, the PCRA court reinstated Appellant's collateral appeal rights *nunc pro tunc*. This appeal followed. Both Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925(b).

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

Here, Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" **Monaco**, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)). The trial court entered Appellant's judgment of sentence on May 16, 2016. Appellant filed a post-

sentence motion on May 26, 2016, but did not file a direct appeal. Therefore, Appellant's judgment of sentence became final 30 days from May 26, 2016, or June 27, 2016. **See** Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Under Section 9545(b)(1), Appellant needed to file a PCRA petition one year from June 27, 2016, or June 27, 2017. Although Appellant filed his first PCRA petition within that timeframe, the instant PCRA petition, his second, was not filed until April 16, 2018. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). **See Derrickson**, 923 A.2d at 468.

In his petition, Appellant does not plead and prove any of the three timeliness exceptions of Section 9545(b)(1). Rather, Attorney Coffey argues that Appellant's petition is timely based upon the "extension theory." Essentially, Attorney Coffey contends that Appellant's second petition is timely filed because it is an extension of Appellant's first timely PCRA petition – a request to have his collateral appeal rights reinstated *nunc pro tunc*. Attorney Coffey notes that Appellant filed a timely PCRA petition on May 25, 2017. However, due to Attorney Morris' refusal to file a notice of appeal, Appellant was deprived of his right to file an appeal from the denial of his timely PCRA petition. Thus, Attorney Coffey suggests that Appellant's second PCRA petition satisfies the jurisdictional timeliness requirements.

Our Supreme Court has consistently rejected "various theories devised to avoid the effects of the [PCRA's] one-year time limitation[.]" **Commonwealth v. Robinson**, 837 A.2d 1157, 1157 (Pa. 2003) (citing **Commonwealth v. Baroni**, 827 A.2d 419 (Pa. 2003). Specifically, in **Robinson**, the extension theory was explicitly rejected after our Supreme Court concluded that "neither the language of the statute nor [the Supreme Court's] decisional law authorize[] suspension of the time-bar in instances where the petitioner is seeking *nunc pro tunc* appellate relief or reiterating claims which were litigated on a previous petition." **Robinson**, 837 A.2d at 1161. The Court further explained:

> [T]he . . . 'extension' theory ignores bedrock principles of finality. Once a PCRA petition has been decided and the ruling on it has become final, there is nothing for a subsequent petition or pleading to 'extend.' Far from continuing into perpetuity, the trial court's jurisdiction over a matter generally ends once an appeal is taken from a final order or, if no appeal is taken, thirty days elapse after the final order.

**Id.** at 1162 (internal citation omitted).

Turning to the matter before us, pursuant to **Robinson**, Attorney Coffey's reliance on the extension theory to overcome the timeliness requirements is misplaced. As the jurisdiction of the court over Appellant's first PCRA petition had expired, Appellant's subsequent petitions were entirely new collateral actions and, as such, they were subject to the time and serial petition restrictions of Section 9545(b) of the PCRA. Since the petition at issue here was facially untimely and Attorney Coffey failed to plead and prove any

- 6 -

of the three exceptions to the time-bar, both the PCRA court and this Court lack jurisdiction in this matter.

This case is troubling insofar as appointed counsel, Attorney Morris, failed to protect Appellant's appeal rights despite acknowledging in his "Motion to Withdraw as Counsel and to Request Appointment of New Appellate Counsel" that "[Appellant] requested that Counsel file an [a]ppeal to the Pennsylvania Superior Court to challenge the dismissal [of his PCRA petition]." Motion to Withdraw as Counsel, 12/11/17, at ¶ 3.

> An indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA. *See Commonwealth v. Hampton*, 718 A.2d 1250 (Pa. Super. 1998). This right to representation exists "throughout the post-conviction proceedings, including any appeal from disposition of the petition for post-conviction relief." Pa.R.Crim.P. 904(E). Once counsel has entered an appearance on a defendant's behalf, counsel is obligated to continue representation until the case is concluded or counsel is granted leave by the court to withdraw his appearance. *See Commonwealth v. Quail*, 729 A.2d 571 (Pa. Super. 1999) (citation omitted).

*Commonwealth v. Brown*, 836 A.2d 997, 998-99 (Pa. Super. 2003).

Attorney Morris filed his petition to withdraw on December 11, 2017. Attorney Coffey was not appointed to replace Attorney Morris until December 20, 2017, eight days before the expiration of the 30-day appeal period. We note that Attorney Morris could have filed a timely notice of appeal on Appellant's behalf, and then, if he was of the opinion that the appeal was wholly frivolous, file a petition to withdraw with an accompanying *Turner/Finley* "no merit" letter. Likewise, upon being appointed eight days

in advance of the expiration of the appeal period, Attorney Coffee could have filed a timely notice of appeal on Appellant's behalf, and then, depending on his communications with Appellant, proceed accordingly. Regardless of whether the appeal is ultimately deemed frivolous, Appellant had the right to an appeal from the denial of PCRA relief.[1] Nevertheless, as the instant PCRA petition is untimely, this court is without jurisdiction to consider it.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2018

---

[1] We likewise remind the PCRA court of an appellant's right to file an appeal from the denial of a PCRA petition and the dangers that arise in permitting counsel to withdraw from a case so close to the expiration of the appeal period.