J-S25027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTOFER TRENT PARZYCK | : | |
| | : | |
| Appellant | : | No. 1844 MDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000422-2016

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: MAY 21, 2019**

Kristofer Trent Parzyck (Appellant) appeals from the order denying his second petition, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Upon review, we affirm.

On January 26, 2016, Appellant was charged with two counts of rape of a child, three counts of aggravated indecent assault of a complainant less than 13 years old, corruption of minors, and three counts of indecent assault of a complainant less than 13 years old. The charges arose from incidents alleged to have occurred between January 1, 2011, and December 31, 2011. On August 24, 2016, Appellant pled guilty to one count of aggravated indecent assault of a complainant less than 13 years old. The same day, the trial court sentenced Appellant to 11½ to 23 months of incarceration followed by 8 years of probation. Pursuant to the Pennsylvania Sex Offender Registration and

Notification Act, (SORNA),[1] Appellant was classified as a Tier III sex offender and ordered to register with the Pennsylvania State Police for the remainder of his life. **See** 42 Pa.C.S.A. §§ 9799.14(d)(7), 9799.15,(a)(3).

Appellant did not file a direct appeal. Thus, Appellant's judgment of sentence became final 30 days later on September 23, 2016, when the 30-day period for filing an appeal with this Court expired. **See** Pa.R.A.P. 903(a).

On September 21, 2017, Appellant filed, through counsel, a "Motion to Bar the Applicability of Sex Offender Registration and/or Petition for Writ of Habeas Corpus" (*habeas* petition or first PCRA petition). Appellant argued that his registration and reporting requirements were illegal under **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), because he committed the aforementioned offenses prior to SORNA's effective date. In **Muniz**, our Supreme Court held that retroactive application of the registration and reporting requirements of the Pennsylvania SORNA violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. **Id.** at 1223. On October 24, 2017, the trial court held a hearing on Appellant's **Muniz** claim. On November 20, 2017, the trial court denied the petition.

On November 28, 2017, Appellant filed, again through counsel, a petition for reconsideration. Appellant argued, *inter alia*, that the trial court should have treated his *habeas* petition as his first PCRA petition. On

---

[1] 42 Pa.C.S.A. §§ 9799.10-9799.42.

December 19, 2017, the PCRA court granted Appellant's request for reconsideration of his *habeas* petition, agreeing that it should have treated the *habeas* petition as his first PCRA petition. On February 16, 2018, following a hearing and full consideration of Appellant's ***Muniz*** claim, the PCRA court issued notice of its intent to dismiss Appellant's first PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On March 22, 2018, the PCRA court formally dismissed the petition.

On April 9, 2018, Appellant filed a notice of appeal from the order dismissing his first PCRA petition. On April 20, 2018, Appellant filed another PCRA petition (second PCRA petition), once again asserting that his SORNA registration and reporting requirements were illegal under ***Muniz***. On May 29, 2018, the PCRA court issued notice of its intent to dismiss Appellant's second PCRA petition based on our Supreme Court's decision in ***Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000). In ***Lark***, the Supreme Court held that a PCRA petitioner cannot file a new PCRA petition while a prior petition is still under review on appeal. ***Id.*** at 588. On June 21, 2018, Appellant discontinued the appeal of his first PCRA petition. Consequently, the PCRA court declined to dismiss Appellant's second PCRA petition and ordered the Commonwealth to file an answer. On July 31, 2018, the Commonwealth filed its answer.

On September 26, 2018, the PCRA court issued notice of its intent to dismiss Appellant's second PCRA petition as untimely. On October 15, 2018,

Appellant filed a response. By order dated October 24, 2018, the PCRA court formally dismissed Appellant's second PCRA petition. This timely appeal followed.[2]

On appeal, Appellant presents the following issue for review:

Whether the [PCRA] court erred and abused its discretion in dismissing Appellant's petition under the Post-Conviction Relief Act (PCRA) by 1) failing to consider Appellant's September 21, 2017 Motion to Bar Applicability of Sex Offender Registration and/or Petition for Writ of *Habeas Corpus* as a PCRA petition; and 2) by dismissing Appellant's April 20, 2018 petition for Post-Conviction Relief/Petition of Reconsideration based on its belief that it did not have jurisdiction, where both filings were timely and raised the same issue, whether sex offender registration can be retroactively applied to Appellant.

Appellant's Brief at 4.

The sole issue Appellant presents on appeal directly challenges the PCRA court's decision to dismiss his petition as untimely. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[2] Both the PCRA court and Appellant have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Until recently, a petition invoking an exception had to be filed within 60 days of the date the claim could have been presented. However, effective December 2017, Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), and now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Although we note the change in the law from 60 days to one year, it does not impact our disposition of this appeal.

In this case, there is no dispute that Appellant did not file his second PCRA petition within one year of the date his judgment of sentence became

final. As stated above, Appellant's judgment of sentence became final on September 23, 2016, and he filed his second PCRA petition on April 20, 2018. Instead, Appellant argues that we should not consider his second PCRA petition to be untimely for two reasons: (1) because the trial court improperly failed to treat his *habeas* petition as timely-filed first PCRA petition, and (2) because the PCRA petition at issue raises the same claims relating to **Muniz** that Appellant asserted in his *habeas* petition. We disagree.

With respect to Appellant's first point, as set forth above, after initially denying Appellant's *habeas* petition, the PCRA court granted his motion for reconsideration, agreeing with Appellant's assertion that it should have treated his *habeas* petition as a PCRA petition. It was only after a hearing and full consideration of Appellant's **Muniz** claim that the PCRA court dismissed, for a second time, Appellant's *habeas* petition. **See** N.T., 1/3/18, at 2-7. Thus, contrary to Appellant's assertion, the PCRA court did construe Appellant's *habeas* petition as a timely-filed first PCRA petition.

Regarding his second point, our Supreme Court has consistently rejected "various theories devised to avoid the effects of the [PCRA's] one-year time limitation[.]" **Commonwealth v. Robinson**, 837 A.2d 1157, 1157 (Pa. 2003) (citing **Commonwealth v. Baroni**, 827 A.2d 419 (Pa. 2003)). Specifically, in **Robinson**, the extension theory was explicitly rejected after our Supreme Court concluded that "neither the language of the statute nor [the Supreme Court's] decisional law authorize[] suspension of the time-bar

in instances where the petitioner is . . . reiterating claims which were litigated on a previous petition." ***Id.*** at 1161. The Court further explained:

> [T]he . . . 'extension' theory ignores bedrock principles of finality. Once a PCRA petition has been decided and the ruling on it has become final, there is nothing for a subsequent petition or pleading to 'extend.' Far from continuing into perpetuity, the trial court's jurisdiction over a matter generally ends once an appeal is taken from a final order or, if no appeal is taken, thirty days elapse after the final order.

***Id.*** at 1162 (internal citation omitted).

Instantly, Appellant's argument is nothing more than an attempt to utilize the "extension" theory to circumvent the PCRA's one year time limitation. As ***Robinson*** explains, such argument has no merit.

Finally, Appellant does not argue or discuss in his brief how his second PCRA petition satisfies any of the timeliness exceptions of Section 9545(b)(1). Therefore, because Appellant's second PCRA petition is untimely and he has not pled or proven an exception to the PCRA's one year time limitation, we are without jurisdiction to address the merits of Appellant's claim. ***See Derrickson***, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/2019