J. S29041/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF

                                  :          PENNSYLVANIA

             v.                :

                                  :

GLENN H. MANUS,            :        No. 2847 EDA 2018

                                  :

            Appellant       :

Appeal from the Order Entered September 11, 2018,
in the Court of Common Pleas of Delaware County
Criminal Division at Nos. CP-23-CR-0000520-2008,
CP-23-CR-0000521-2008, CP-23-CR-0002534-2008

BEFORE: BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JUNE 25, 2019**

Glenn H. Manus appeals **_pro se_** from the September 11, 2018 order

dismissing as untimely his serial petition filed pursuant to the Post Conviction

Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we

affirm.

The relevant facts and procedural history of this case, as gleaned from

the certified record, are as follows: On October 30, 2008, a jury found

appellant guilty of multiple counts of aggravated indecent assault, involuntary

deviate sexual intercourse, indecent assault, indecent assault on a person less

than 13 years old, and corruption of minors.[1] These charges stemmed from

---

[1] 18 Pa.C.S.A. §§ 3125(b), 3123(a)(6), 3126(a)(1), 3126(a)(7), and
6301(a)(1), respectively.

appellant's sexual abuse of six minor female victims. On April 3, 2009, the trial court sentenced appellant to an aggregate term of 18½ to 39 years' imprisonment, followed by 30 years' probation. On August 2, 2010, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on February 2, 2011. *See Commonwealth v. Manus*, 11 A.3d 1007 (Pa.Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Appellant filed his first *pro se* PCRA petition on August 24, 2011. Counsel was appointed to represent appellant but was ultimately granted permission to withdrew in accordance with *Turner*/*Finley*.[2] On July 30, 2012, the PCRA court dismissed appellant's petition, and a panel of this court affirmed the PCRA court's order on April 11, 2013. *See Commonwealth v. Manus*, 75 A.3d 550 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 77 A.3d 1259 (Pa. 2013). Our supreme court denied appellant's petition for allowance of appeal on October 16, 2013. *Id.* Appellant filed three more unsuccessful PCRA petitions in March 2015, September 2016, and April 2018.

On July 9, 2018, appellant filed the instant *pro se* PCRA petition, his fifth. On August 14, 2018, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Pa.R.Crim.P. 907(1). Appellant filed a **pro se** response to the PCRA court's Rule 907 notice on August 23, 2018. Thereafter, on September 11, 2018, the PCRA court dismissed appellant's petition as untimely. This timely appeal followed on September 28, 2018.[3]

Appellant raises the following issues for our review:

I. . . . . [Whether a]ppellant's **pro se** filing stated specifics pertaining to newly-discovered facts, pursuant to a U.S. Supreme Court ruling in **McCoy v. Louisiana**, [138 S.Ct. 1500 (2018),] outlining appellant [sic] counsel's structural errors[?]

II. [Whether there existed a l]ack of subject matter jurisdiction by the Court of Common Pleas and lack of judicial authority by the presiding trial judge by way of willful miscarriage of justice by the Delaware County District Attorney's Office for failing to properly have within the court record a requisite designation of authority for Deputy District Attorney Michael R. Galantino, [E]sq., authorizing him to sign and file criminal informations and represent the Commonwealth in appellant's case[?]

Appellant's brief at viii (extraneous capitalization omitted; citation formatting corrected).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is

---

[3] On October 3, 2018, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed a timely **pro se** Rule 1925(b) statement on October 12, 2018, and the PCRA court filed its Rule 1925(a) opinion on January 14, 2019.

supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that appellant's judgment of sentence became final on May 3, 2011, 90 days after the Pennsylvania Supreme Court denied allowance of appeal and the deadline for filing a petition for writ of ***certiorari*** in the United States Supreme Court expired. ***See id.*** Accordingly, appellant had until May 3, 2012 to file a timely PCRA petition. ***See id.*** at § 9545(b)(1).

Appellant's instant petition was filed on July 9, 2018, more than 6 years after his judgment of sentence became final, and is patently untimely, unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Instantly, appellant invokes the newly recognized constitutional right exception set forth in Section 9545(b)(1)(iii) and argues that the United States Supreme Court's recent holding in *McCoy* announced a new constitutional right that applies retroactively to his case.  (Appellant's brief at viii, 10-11.) In *McCoy*, the defendant's counsel conceded that his client committed three murders during the guilt phase of a capital trial.  Counsel's concession came despite the defendant "vociferously insist[ing] that he did not engage in the

charged acts and adamantly object[ing] to any admission of guilt." *McCoy*, 138 S.Ct. at 1505. Consequently, the *McCoy* Court held that criminal defendants have a Sixth Amendment right "to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." *Id.* Appellant maintains that the *McCoy* holding supports his allegation that a "structural error"[4] in this case warrants merit review of his otherwise untimely PCRA petition. (Appellant's brief at 10-11; *see also McCoy*, 138 S.Ct. at 1511.) For the following reasons, we find that appellant's contention is meritless.

It is well settled that "an allegation of a structural error does not, in and of itself, surmount the jurisdictional time bar of Section 9545(b)." *Commonwealth v. Baroni*, 827 A.2d 419, 422 (Pa. 2003). Moreover, even assuming that *McCoy* announced a newly recognized constitutional right, appellant has failed to establish that the *McCoy* decision applies retroactively to cases on collateral review. The Supreme Court of Pennsylvania has expressly stated that "the language 'has been held' in Section 9545(b)(1)(iii) means that a retroactivity determination must exist **at the time** that the petition is filed." *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 502 (Pa.

---

[4] The United States Supreme Court has defined a structural error as a constitutional violation affecting the "framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991).

2002) (emphasis added). The Supreme Court of the United States has made no such determination. Lastly, we agree with the PCRA court's rationale that to the extent appellant relies on **McCoy**, that case is distinguishable. Whereas the defendant's counsel in **McCoy** conceded that the defendant committed three murders, "there was no admission of guilt by [appellant's] counsel" in the case **sub judice**. (PCRA court opinion, 1/14/19 at 9.)

Accordingly, for all the foregoing reasons, we find that the PCRA court properly dismissed appellant's PCRA petition as untimely filed, and no relief is due.[5]

Order affirmed.

---

[5] To the extent appellant argues that there was a "willful miscarriage of justice" in this case because Deputy District Attorney Michael R. Galantino lacked the authorization to pursue criminal charges on behalf of the Commonwealth without a designation of authority filed with the Delaware County Clerk of Courts (**see** appellant's brief at viii, 2-8), we note that this claim has already been rejected by a prior panel of this court during the appeal from the order dismissing appellant's third **pro se** PCRA petition. **See Commonwealth v. Manus**, 181 A.3d 420 (Pa.Super. 2017) (unpublished memorandum at *2-4). Additionally, appellant has waived any allegations of error with respect to Pa.R.Crim.P. 600 (**see** appellant's brief at 8-11) by failing to include this claim in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii) (stating, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/19