J. S14042/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BAYMAN TRAUB, | : | No. 1126 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered March 15 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0823771-1992

BEFORE:  BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:               **FILED APRIL 21, 2020**

Bayman Traub appeals from the March 15, 2019 order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> In 1992, [appellant] and two companions entered victim Earl Hackshaw's home, a known drug house, and fatally shot him.  On March 4, 1994, a jury found [appellant] guilty of second degree murder, robbery, conspiracy, and one violation of the Uniform Firearms Act.  The Honorable James A. Lineberger sentenced [appellant] to a mandatory term of life imprisonment for murder.[Footnote 1]  [Appellant] did not file a direct appeal.
>
> > [Footnote 1] [Appellant] was sentenced to concurrent terms on his remaining charges.

On July 29, 1996, [appellant] filed a ***pro se*** PCRA petition, seeking to have his appellate rights reinstated ***nunc pro tunc***. This request was granted on August 27, 1998. The Superior Court affirmed [appellant's] judgment of sentence on December 7, 1999. [***See Commonwealth v. Traub***, 750 A.2d 377 (Pa.Super. 1999).] [Appellant] failed to file a timely petition for ***allocator*** to the Pennsylvania Supreme Court. Instead, he filed a Motion to File Petition for Allowance of Appeal ***Nunc Pro Tunc***, which was denied on August 10, 2000.

On March 27, 2001, [appellant] filed his first substantive PCRA petition. This was dismissed on September 26, 2002. No appeal was taken. On March 22, 2006, [appellant] filed a second PCRA petition. This was dismissed as untimely on July 16, 2008. Once again, [appellant] did not appeal this dismissal.

On September 23, 2008, [appellant] filed a third PCRA petition. This was dismissed as untimely on June 30, 2011. [Appellant] appealed. The Superior Court affirmed the dismissal on May 18, 2012. [***See Commonwealth v. Traub***, 50 A.3d 245 (Pa.Super. 2012).] On August 10, 2015, [appellant] filed a fourth PCRA petition. This was dismissed as untimely on May 13, 2016. [Appellant] did not file an appeal.

PCRA court opinion, 10/8/19 at 2.

Appellant filed the instant PCRA petition, his fifth, on July 6, 2018. On February 11, 2019, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). The PCRA court filed an amended Rule 907 notice on February 22, 2019, correcting the date by which appellant could file his response. Appellant filed a response to the PCRA court's Rule 907 notice on

March 4, 2019. Thereafter, on March 15, 2019, the PCRA court dismissed appellant's petition as untimely. This timely appeal followed.[1]

Appellant raises the following issue for our review:

> Whether the PCRA Court erred in denying the PCRA [petition] as untimely as it was timely under the change in law as announced by the United States Supreme Court in **McCoy v. Louisiana**[, 138 S.Ct. 1500 (2018),] and that decision is retroactively applicable and analogous to [appellant's] case?

Appellant's brief at 8.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the authority of this court to grant any relief.

---

[1] We note that the PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On October 8, 2019, the PCRA court filed its opinion.

***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that appellant's judgment of sentence became final on January 7, 2000, 30 days after a panel of this court affirmed appellant's judgment of sentence and the time for filing a petition for ***allocator*** with our supreme court expired. ***See id.*** Accordingly, appellant had until January 7, 2001, to file a timely PCRA petition. ***See id.*** at § 9545(b)(1). Appellant's instant petition was filed on July 6, 2018, more than 17 years after his judgment of sentence became final, and is patently untimely, unless appellant can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Instantly, appellant invokes the newly recognized constitutional right exception set forth in Section 9545(b)(1)(iii) and argues that the United States Supreme Court's holding in *McCoy* announced a new constitutional right that applies retroactively to his case. (Appellant's brief at 13-15.) In *McCoy*, the defendant's counsel conceded during the guilt phase of a capital trial that his client committed three murders. *McCoy*, 138 S.Ct. at 1505. Counsel's concession came despite the defendant's "vociferously insist[ing] that he did not engage in the charged acts and adamantly object[ing] to any admission of guilt." *Id.* Consequently, the *McCoy* Court held that criminal defendants have a Sixth Amendment right "to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." *Id.* Appellant maintains that the *McCoy* holding supports his allegation that a "structural error"[2] in this case warrants merit review of his otherwise untimely

---

[2] The Supreme Court of the United States has defined a structural error as a constitutional violation affecting the "framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991).

PCRA petition. (Appellant's brief at 13; *see also McCoy*, 138 S.Ct. at 1511.) For the following reasons, we find that appellant's contention is meritless.

It is well settled that "an allegation of a structural error does not, in and of itself, surmount the jurisdictional time bar of Section 9545(b)." *Commonwealth v. Baroni*, 827 A.2d 419, 422 (Pa. 2003). Moreover, even assuming that *McCoy* announced a newly recognized constitutional right, appellant has failed to establish that the *McCoy* decision applies retroactively to cases on collateral review. The Supreme Court of Pennsylvania has expressly stated that "the language 'has been held' in Section 9545(b)(1)(iii) means that a retroactivity determination must exist **at the time** that the petition is filed." *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 502 (Pa. 2002) (emphasis added). The Supreme Court of the United States has also made no such determination. Lastly, we agree with the PCRA court's rationale that to the extent appellant relies on *McCoy*, that case is distinguishable. Whereas counsel in *McCoy* conceded that the defendant committed three murders, appellant's counsel in the case *sub judice* did not concede guilt, but rather argued that appellant was innocent based upon a theory of self-defense. (*See* PCRA court opinion, 10/18/19 at 9.)

Accordingly, for all the foregoing reasons, we find that the PCRA court properly dismissed appellant's PCRA petition as untimely filed and no relief is due.

Order affirmed.

J. S14042/20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/21/2020