J-S22019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR D. COLON | : | |
| | : | |
| Appellant | : | No. 1379 MDA 2019 |

Appeal from the PCRA Order Entered July 3, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002462-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR DAVID COLON | : | |
| | : | |
| Appellant | : | No. 1380 MDA 2019 |

Appeal from the PCRA Order Entered July 3, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002458-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR DAVID COLON | : | |
| | : | |
| Appellant | : | No. 1381 MDA 2019 |

Appeal from the PCRA Order Entered July 3, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002461-2009

J-S22019-20

BEFORE:    OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                              **FILED MAY 15, 2020**

Hector David Colon (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we quash.

This appeal arises from Appellant's convictions of numerous sex crimes involving children.  "At trial, it was established that over the course of several years beginning in the late 1990's, [Appellant] regularly sexually assaulted three young girls, A.M., S.C., and B.S.  Each victim reported the conduct commenced around age 5 to 6 and ended around age 12 to 13."  PCRA Court Opinion, 7/3/18, at 1 n.1 (unnumbered).

The PCRA court summarized the procedural history that ensued after Appellant was criminally charged:

> Following a jury trial held on May 16, 2011 through May 19, 2011, [Appellant] was convicted of the following:  at docket number 2458-CR-2009 – indecent assault, corruption of minors, and unlawful contact with a minor; at docket number 2461-CR-2009 – indecent assault (2 counts), unlawful contact with a minor (2 counts), corruption of minors (2 counts), and criminal attempt; at docket 2462-CR-2009 – rape (2 counts), indecent assault, unlawful contact/communication with a minor, and corruption of minors.  On November 7, 2011, [Appellant] was sentenced to serve a total of twenty-five (25) to fifty-five (55) years of imprisonment.
>
> [Appellant] appealed to the Superior Court, and his judgment of sentence was affirmed on August 14, 2013.  [Appellant did not file a petition for allowance of appeal with the Supreme Court.]

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

[Appellant] was represented by [Trial Counsel] at his jury trial and sentencing, and by [Appellate Counsel], for his post-sentence motion and direct appeal. On June 18, 2014, [Appellant] filed a *pro se* PCRA petition, and [the PCRA court] appointed [PCRA Counsel] to represent [Appellant]. On April 28, 2017, [PCRA Counsel] filed an [a]mended PCRA [p]etition on [Appellant]'s behalf, raising several issues of ineffective assistance of counsel. Specifically, [Appellant] asserts that [T]rial [C]ounsel was ineffective for failing to call witnesses, failing to request a bill of particulars, and not presenting an alibi defense.

A PCRA hearing was held before [the PCRA court] on July 31, 2017. Following the hearing, the Commonwealth filed a brief in opposition to [Appellant]'s petition. On January 9, 2018, [PCRA Counsel] filed a "Brief in Support of Amended PCRA Petition, New Matter, and Request to Supplement the Record." [The PCRA court] granted the request to supplement the record[.]

*Id.* at 1-2.

On July 3, 2018, the PCRA court issued an order dismissing Appellant's PCRA petition. Importantly, in a subsequent "Memorandum Statement in Lieu of Opinion," the PCRA recounted the more recent procedural history:

On July 27, 2018, [Appellant] filed a notice of appeal to the Superior Court [at only one of the three pertinent docket numbers]. . . . In a memorandum opinion filed on February 4, 2019, the Superior Court quashed [Appellant]'s appeal based on the Pennsylvania Supreme Court decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal for each lower court docket number).

On March [18], 2019, [Appellant] filed a *pro se* "Motion to Proceed *Pro Se* Under ***Grazier*** via Video Hearing and that Appellate Rights be Reinstated." A hearing was held on July 22, 2019, and [PCRA Counsel] was again appointed as [Appellant]'s counsel. On August 19, 2019, [Appellant], through [PCRA Counsel], filed three separate notices of appeal for each docket

- 3 -

(2458, 2461, 2462-CR-2009).[1]   On September 4, 2019, [Appellant] filed a Statement of Matters Complained of on Appeal, which mirror the issues raised in his previously-quashed appeal. On October 10, 2019, by order of the Superior Court, all three dockets were consolidated.

Memorandum Statement in Lieu of Opinion, 11/15/19, at 1-3.

On October 11, 2019, this Court entered an order directing Appellant to "show cause why the instant appeals should not be quashed as untimely filed." Order, 10/11/19.  The order also stated:  "The trial court docket does not indicate that Appellant's right to appeal was reinstated *nunc pro tunc*.  A notice of appeal must be filed within 30 days of the entry of the order being appealed. This court may not extend the time for filing a notice of appeal." ***Id.*** (citations omitted).  Appellant responded with a request that the appeal not be quashed, conceding that "the trial court docket does not indicate that Appellant's right to appeal was [re]instated *nunc pro tunc. . . .*   However, on July 22, 2019 a hearing was held before the Honorable Scott A. Evans at which time Appellant's rights were reinstated, *Nunc Pro Tunc.*"  Response to Rule to Show Cause, 10/21/19.  This Court subsequently issued an order discharging the

_____

[1] Although the docket shows "Hearing Held" on July 22, 2019, and "Miss Grella appointed as counselor," the record contains no transcript from the hearing, and the docket does not show a dispositional order.  The next entries are Appellant's August 8, 2019 "Pro Se Correspondence to Wendy Grella, Esq." and the August 19, 2019 Notice of Appeal filed by Attorney Grella.  There is no indication anywhere in the record, including the court's November 15, 2019 "Statement in Lieu of Opinion," explaining why the court permitted Appellant to file a second notice of appeal from its July 3, 2018 order denying PCRA relief.

rule to show cause, stating that we "would take no action at this time and will refer the issue to the merits panel to be assigned this case." Order, 1/6/20.

On appeal, Appellant presents the following issue:

WHETHER THE [PCRA] COURT ERRED IN DISMISSING [APPELLANT]'S PCRA PETITION WHEN TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO (A) CALL WITNESSES, (B) REQUEST A BILL OF PARTICULARS, AND (C) PRESENT AN ALIBI DEFENSE AND WHETHER APPELLANT IS DUE RELIEF UNDER **MUNIZ**?

Appellant's Brief at 4 (unnumbered and per table of contents).

Preliminarily, we examine whether we have jurisdiction. **See Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997) (stating that appellate court may *sua sponte* examine its jurisdiction). For the reasons that follow, we conclude that we lack jurisdiction.

The record reflects that on July 3, 2018, the PCRA court dismissed Appellant's petition, and on July 27, 2018, Appellant timely appealed to this Court. On February 4, 2019, this Court quashed that appeal on the basis of our Supreme Court's decision in **Walker**.[2]

---

[2] Appellant filed a notice of appeal at one criminal docket number from the July 3, 2018 order denying his PCRA petition at three docket numbers. **Commonwealth v. Colon**, 1247 MDA 2018 at 4-5 (Pa. Super. Feb. 4, 2019). Such practice is no longer permitted under our Supreme Court's decision in **Walker**. In **Walker**, our Supreme Court held that "prospectively, where a single order resolves issues arising on more than one docket, **separate notices of appeal must be filed for each case**." **Walker**, 185 A.3d at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal**." **Id.** at 976-77 (emphasis added).

Following this Court's quashal of Appellant's first appeal from the order denying his PCRA petition, Appellant sought neither reconsideration nor further review, and the PCRA court's order denying the petition became final 30 days following the Superior Court's decision. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1162 (Pa. 2003). As noted, on March 18, 2019, Appellant filed a "Motion to Proceed *Pro Se* Under *Grazier* Via Video Hearing and that Appellate Rights Be Reinstated" (Motion). *See* Motion, 3/18/19. Appellant requested, *inter alia*, the reinstatement of his right to appeal the denial of his PCRA petition based on PCRA Counsel's failure to perfect his appeal by filing a notice of appeal at each docket number. *See id.* at 2-4. Significantly, our Supreme Court has held that "the PCRA subsumes all forms of collateral relief, **to the extent a remedy is available under such enactment**." *Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007) (emphasis in original). Consequently, Appellant's Motion, in which he sought the reinstatement of his appeal rights, was his second PCRA petition. As such, we consider its timeliness.

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Robinson*, 837 A.2d at 1161). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3] If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Our Supreme Court emphasized:

This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. In addition, we have noted that [t]he PCRA confers no authority upon this Court to

_____

[3] Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2) to provide that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1). The amendment took effect on December 24, 2018 and "shall apply to claims arising on Dec[ember] 24, 2017 or thereafter." *Id.* This amendment does not impact our disposition.

fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.

***Robinson***, 837 A.2d at 1161.

Here, Appellant's March 18, 2019 Motion was a *de facto* second PCRA petition — filed nearly six and a half years after the Superior Court affirmed Appellant's judgment of sentence — and is patently untimely.[4] Upon review, we conclude that Appellant failed to raise an exception to the PCRA's time-bar. Although Appellant references PCRA Counsel's failure to perfect his appeal as the basis for seeking reinstatement of his appellate rights, Appellant does not do so in the context and as mandated by the exceptions set forth in Section 9545(b)(1). Moreover, our Supreme Court has stated that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000). Therefore, because Appellant's petition was

_____

[4] The Superior Court affirmed Appellant's judgment of sentence on August 14, 2013, and he did not file a petition of allowance of appeal to the Supreme Court. Appellant had 30 days from the date of the Superior Court's order, or September 13, 2013, to file a petition for allowance of appeal with the Supreme Court. *See* Pa.R.A.P. 1113(a) ("Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed."). Because Appellant did not file a petition for allowance of appeal, his judgment of sentence became final on September 13, 2013.

untimely and he did not plead or prove an exception to the time-bar, the PCRA court did not have jurisdiction to reinstate Appellant's appeal rights.[5]

Finally, we note that we cannot construe Appellant's Motion/second PCRA petition as an extension of his first, timely PCRA petition. Our Supreme Court has consistently rejected "various theories devised to avoid the effects of the [PCRA's] one-year time limitation[.]" **Robinson**, 837 A.2d at 1157 (citing **Commonwealth v. Baroni**, 827 A.2d 419 (Pa. 2003)). Specifically, in **Robinson**, the extension theory was explicitly rejected after our Supreme Court concluded that "neither the language of the statute nor [the Supreme Court's] decisional law authorize[] suspension of the time-bar in instances where the petitioner is . . . reiterating claims which were litigated on a previous petition." **Id.** at 1161. The Court further explained:

> [T]he . . . 'extension' theory ignores bedrock principles of finality. Once a PCRA petition has been decided and the ruling on it has become final, there is nothing for a subsequent petition or pleading to 'extend.' Far from continuing into perpetuity, the trial court's jurisdiction over a matter generally ends once an appeal is

---

[5] We reiterate that the record does not show a dispositional order at the time of, or as a result of, the July 22, 2019 hearing. The court is likewise silent in its recitation of the procedural background:

> On March 25, 2019, [Appellant] filed a *pro se* "Motion to Proceed *Pro Se* Under **Grazier** via Video Hearing and that Appellate Rights be Reinstated." A hearing was held on July 22, 2019, and [PCRA Counsel] was again appointed as [Appellant]'s counsel. On August 19, 2019, [Appellant], through [PCRA Counsel], filed three separate notices of appeal for each docket (2458, 2461, 2462-CR-2009).

Memorandum in Lieu of Opinion, 11/15/19, at 2.

taken from a final order or, if no appeal is taken, thirty days elapse after the final order.

*Id.* at 1162 (citation omitted).

Accordingly, we conclude that Appellant's March 18, 2019 Motion, in which he sought *inter alia*, the reinstatement of his right to appeal the denial of his timely first PCRA petition, was an untimely second PCRA petition. There is no order or express evidence of record that the PCRA court expressly reinstated Appellant's appeal rights; however, the court would have lacked jurisdiction had it done so. As this appeal is not properly before us, we quash.

Appeal quashed.

Judge Colins joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/15/2020