J-S01014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ELLIS CARTER JR. | : | |
| | : | |
| Appellant | : | No. 800 WDA 2022 |

Appeal FROM the PCRA Order Entered June 23, 2022
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000383-2016

BEFORE:    BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: APRIL 11, 2023**

Appellant, Todd Ellis Carter Jr., appeals *pro se* from the post-conviction court's June 23, 2022 order denying, as untimely, his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts of Appellant's underlying convictions are not germane to his present appeal. In regard to the procedural history of his case, on December 19, 2017, a jury convicted Appellant of two counts of delivery of a controlled substance, one count of possession of a controlled substance with intent to deliver, and two counts of criminal use of a communication facility. On February 7, 2018, the court sentenced Appellant to an aggregate term of 9 to 18 years' incarceration. The court also imposed "special conditions" of

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's sentence, including that he not have contact with any of the witnesses in the case, and he complete a drug and alcohol evaluation and treatment, if necessary. Appellant filed a direct appeal, and this Court affirmed his judgment of sentence on October 28, 2019. **See Commonwealth v. Carter**, 222 A.3d 878 (Pa. Super. 2019) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Thereafter, Appellant filed a timely, *pro se* PCRA petition on August 13, 2020. The court appointed counsel, who filed an amended petition on Appellant's behalf raising claims of ineffective assistance of trial counsel. A hearing was conducted, after which the court denied Appellant's petition on March 5, 2021. He timely appealed and, on February 18, 2022, this Court issued a memorandum decision vacating the "special conditions" imposed by the trial court as part of Appellant's sentence, and affirming the PCRA court's order denying his post-conviction petition in all other respects. **See Commonwealth v. Carter**, 455 WDA 2021, unpublished memorandum at *6 (Pa. Super. filed Feb. 18, 2022). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On April 4, 2022, Appellant filed the *pro se* PCRA petition underlying his present appeal. On May 17, 2022, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing on the basis that it was untimely. Appellant filed a *pro se* response, but on June 23, 2022, the court issued an order dismissing his petition. Appellant filed a timely notice of

appeal, and he complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on July 22, 2022. Herein, Appellant states four issues for our review:

1.) Did the [PCRA] court err in denying Appellant's second PCRA petition as untimely presented … when Appellant's PCRA [petition] was actually still within the one[-]year deadline required by 42 Pa.C.S.§ 9545(b)(1)?

2.) Was initial PCRA counsel … ineffective for failing to raise trial counsel's refusal to present the **Batson** [**v. Kentucky**, 476 U.S. 79 (1986),] claim during pre-trial [motions] and during direct review after Appellant raised a motion for change of venue[,] presenting the **Batson** claim to the court?

3.) Was initial PCRA counsel ineffective for not raising the challenge to the legality of sentence arguing merger under [the] single criminal act doctrine[,] as well as failing to raise ineffectiveness of trial counsel for failure to do the same?

4.) Did the lower court err in its [Rule] 1925(a) opinion relating to the fact that the **Batson** claim is waived, the additional narcotics were found in Appellant's vehicle, and the charges should not have merged when these statements are belied by the record?

Appellant's Brief at 3 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267

- 3 -

(Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on November 27, 2019, at the expiration of the time for him to file a petition for allowance of appeal with our Supreme Court on direct appeal. *See* 42 Pa.C.S. § 9545(b)(3)

- 4 -

(stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (directing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Thus, under the plain language of section 9545(b)(1), Appellant had until November 27, 2020, to file a timely petition.

Appellant disagrees. He contends that the time during which his first PCRA petition was being litigated must be excluded from the calculation of the one-year time-period under section 9545(b)(1). In other words, Appellant asserts that his filing of his first, timely PCRA petition on August 13, 2020, "stopp[ed] the judicial clock" through February 18, 2022, when this Court issued our decision in Appellant's appeal from the denial of that first PCRA petition. Appellant's Brief at 10. According to Appellant, "the time period between Aug[ust] 13, 2022[,] and Feb[ruary] 18, 2022[,] would be judicially tolled." *Id.* He concludes that, omitting this "tolled" time from the one-year period allowed by section 9545(b)(1) shows that his present petition was filed within one year of his judgment of sentence becoming final.

Appellant cites no legal authority to support his argument, and we agree with the Commonwealth that his "premise is incorrect." Commonwealth's Brief at 6. As the Commonwealth astutely explains:

> The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time for seeking direct review expires. *See* 42 Pa.C.S.[]

§[]9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. ***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa. Super. 2014). The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions. ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014). Our Supreme Court has consistently rejected various theories devised to avoid the effects of the PCRA's one-year time limitation. ***Commonwealth v. Robinson***, 837 A.2d 1157[, 1157-58] (Pa. 2003) [(]citing ***Commonwealth v. Baroni***, 827 A.2d 419, 420 (Pa. 2003); ***Commonwealth v. Rienzi***, 827 A.2d 369, 371 (Pa. 2003); ***Commonwealth v. Eller***, 807 A.2d 838, 845-[]46 (Pa. 2002); ***Commonwealth v. Hall***, 771 A.2d 1232, 1234 (Pa. 2001); ***Commonwealth v. Murray***, 753 A.2d 201, 202 (Pa. 2000); ***Commonwealth v. Fahy,*** 737 A.2d 214, 222 (Pa. 1999)[)]]. Of these cases, ***Rienzi*** is perhaps the most analogous to the instant matter. Rienzi's judgment of sentence became final upon the expiration of the thirty-day period to seek appellate review, which was January 15, 1998. Therefore, unless he could demonstrate that one of the exceptions outlined in 42 Pa.C.S. § 9545(b)(1) applied, Rienzi had until January 15, 1999, to file all PCRA petitions for post-conviction relief. Rienzi filed his first PCRA petition within this one-year period, on July 2, 1998, and, on December 28, 1998, that petition was withdrawn without prejudice. Approximately eleven months after withdrawing his initial petition, well past the one-year time limit mandated by the PCRA, he filed a second petition. In its analysis, the Pennsylvania Supreme Court held that, notwithstanding the time that his subsequently withdrawn first PCRA petition had been pending, Rienzi still had only until January 15, 1999, to file a timely PCRA petition, which he failed to do. ***Rienzi***, 827 A.2d at 371. The time that his first petition had been pending prior to its withdrawal had no effect on Rienzi's deadline. This analysis contradicts [Appellant]'s hypothesis that the PCRA's deadlines are subject to "judicial tolling."

***Id.*** at 6-8 (footnote omitted).

We agree with the Commonwealth. Neither the plain language of the PCRA statute, nor any case law interpreting it, supports Appellant's claim that the time period during which his first PCRA petition was being litigated must be excluded from the one-year calculation under section 9545(b)(1). Accordingly, his argument that his present petition was timely filed is meritless, and for this Court to have jurisdiction to review the merits of his underlying post-conviction claims, he must plead and prove the applicability of one of the timeliness exceptions of section 9545(b)(1)(i)-(iii).

Appellant fails to meet this burden. The only timeliness exception he mentions is the 'new, retroactive right' exception of section 9545(b)(1)(iii). *See* Appellant's Brief at 8. Appellant seemingly contends that our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), meets this exception, and affords us jurisdiction to review the merits of his allegations of ineffectiveness pertaining to the attorney appointed to represent him during the litigation of his first PCRA petition. According to Appellant, that attorney should have argued that his trial counsel was ineffective for failing to raise a *Batson* claim. He also avers that his PCRA counsel was ineffective for not challenging the legality of Appellant's sentence on the grounds that some of his convictions should have merged for sentencing purposes.

Appellant's reliance on *Bradley* does not meet the exception of section 9545(b)(1)(iii). In that case, our Supreme Court held that a PCRA "petitioner [may] raise claims of PCRA counsel's ineffectiveness at the first opportunity when represented by new counsel, even if on appeal…." *Bradley*, 261 A.3d

at 401. Nowhere in **Bradley** did the Court state that its holding constitutes a new constitutional right that applies retroactively. Accordingly, **Bradley** cannot satisfy the timeliness exception of section 9545(b)(1)(iii), and we lack jurisdiction to review the merits of Appellant's ineffectiveness claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2023